1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9    MARK SANCHEZ,                                    CV F   07-0028 OWW DLB HC

10                      Petitioner,                   FINDINGS AND RECOMMENDATION
                                                      REGARDING PETITION FOR WRIT OF
11         v.                                         HABEAS CORPUS

12                                                    [Doc. 1]
     JAMES TILTON,
13
                       Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

                                    RELEVANT HISTORY
18
19          Following jury trial in the Tulare County Superior Court, Petitioner was convicted of one

20   count of felony possession of methamphetamine (Cal. Health & Saf. Code §11377(a)), two

21   misdemeanor counts of being under the influence of methamphetamine (Cal. Health & Saf. Code

22   § 11550(a)), and one count of driving under the influence of drugs and/or alcohol (Cal. Veh.

23   Code § 23152(a)).  In a separate proceeding, the trial court found true allegations that Petitioner

24   had suffered a "strike" (Cal. Penal Code § 1170.12(c)(1)), and had served a prior prison term

25   (Cal. Penal Code § 667.5(b)).  (Lodged Doc. No. 1.)  Petitioner was sentenced to a total term of

26   five years in state prison.  (Id.)

27          Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth

28   Appellate District.  Petitioner's appellate attorney filed a brief pursuant to People v. Wende, 25

                                                1

1  Cal.3d 436 (1979), asking the court to review the record for error.  (Lodged Doc. No. 2.)

2  Petitioner exercised his right to submit supplemental briefing claiming that there was insufficient

3  evidence to support his conviction.  (Id.)  The Fifth District Court of Appeal found that no

4  reasonably arguable factual or legal issues were present and sufficient evidence supported the

5  convictions.  The judgment was affirmed in its entirety.  (Id.)

6          On August 10, 2006, Petitioner filed a petition for writ of habeas corpus in the Tulare

7  County Superior Court.  (Lodged Doc. No. 3.)  The petition was denied on August 15, 2006.

8  (Id.)

9          On September 26, 2006, Petitioner filed a petition for writ of habeas corpus in the Fifth

10  District Court of Appeal.  (Lodged Doc. No. 4.)  The petition was denied on October 5, 2006.

11  (Lodged Doc. No. 5.)

12          On November 15, 2006, Petitioner filed a petition for writ of habeas corpus in the

13  California Supreme Court.  (Lodged Doc. No. 6.)  The petition was denied on November 29,

14  2006.  (Lodged Doc. No. 7.)

15          Petitioner filed the instant federal petition for writ of habeas corpus on January 8, 2007.

16  Respondent filed an answer to the petition on June 27, 2007.  (Court Doc. 13.)  Petitioner did not

17  file a traverse.

18                                          STATEMENT OF FACTS

19          On October 3, 2003, at 3:40 a.m. Porterville police officer, Michael Morales, observed

20  Petitioner fail to yield to a stop sign and cross through the limit line into an intersection.  (RT

21  16.)  Officer Morales initiated a traffic stop of Petitioner's vehicle.  (RT 16-21.)  After the stop,

22  Officer Morales observed Petitioner acting in a manner which was consistent with being under

23  the influence of a controlled substance.  (RT 23-30.)  Petitioner was arrested for being under the

24  influence of a controlled substance and was taken to the police station.  (RT 29-30, 57-60.)

25  During a search of Petitioner at the station, Officer Dowling discovered a bag containing 1.15

26  grams (a usable quantity) of powdery white methamphetamine inside Petitioner's left shoe.  (RT

27  57-61, 73.)  A subsequent blood draw taken from Petitioner tested positive for methamphetamine

28  in an amount sufficient to cause him to be under the influence of methamphetamine.  (RT 95-96.)

1    Petitioner testified in his own defense. (RT 117.)  Petitioner stated that he suffers from

2  Schizophrenic disorder and was taking medication for treatment.  (RT 118-120.)  However, at the

3  time of the commitment offense, he was not taking any medication.  (RT 120.)   Petitioner denied

4  committing the Vehicle Code violation and claimed that he stopped at the stop sign.  (RT 123.)

5  Petitioner further denied using drugs the day of the incident and denied any knowledge of the

6  methamphetamine found in his shoe.  (RT 124-125.)

7  A.    Jurisdiction

8    Relief by way of a petition for writ of habeas corpus extends to a person in custody

9  pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

10  or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

11  529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that he suffered

12  violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises

13  out of the Tulare County Superior Court, which is located within the jurisdiction of this Court.

14  28 U.S.C. § 2254(a); 2241(d).

15    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

16  of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

17  enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114

18  F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting

19  Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct.

20  1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059

21  (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant

22  petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

23  B.    Standard of Review

24    This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

25  custody pursuant to the judgment of a State court only on the ground that he is in custody in

26  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

27    The AEDPA altered the standard of review that a federal habeas court must apply with

28  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

1    Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus

2    will not be granted unless the adjudication of the claim "resulted in a decision that was contrary

3    to, or involved an unreasonable application of, clearly established Federal law, as determined by

4    the Supreme Court of the United States;" or "resulted in a decision that was based on an

5    unreasonable determination of the facts in light of the evidence presented in the State Court

6    proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of

7    the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v.

8    Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply

9    because that court concludes in its independent judgment that the relevant state-court decision

10   applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations

11   omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

12        While habeas corpus relief is an important instrument to assure that individuals are

13   constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

14   (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

15   criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v.

16   Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's

17   factual determinations must be presumed correct, and the federal court must accept all factual

18   findings made by the state court unless the petitioner can rebut "the presumption of correctness

19   by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115

20   S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,

21   110 F.3d 1380, 1388 (9th Cir. 1997).

22   C.       Due Process Violation/Amendment of Abstract of Judgment

23        In Grounds One and Two of the petition, Petitioner contends that his due process rights

24   were violated by the amendment of the abstract of judgment outside of his and counsel's

25   presence.  Petitioner contends that the amendment improperly changed the way he would receive

26   in-custody credits.  In addition, he contends that he had a right to be present and have a hearing

27   regarding the amendment.

28        Petitioner raised this claim in his petition for writ of habeas corpus presented to the

1   Tulare County Superior Court, which was denied in a reasoned decision.  (Lodged Doc. No. 3.)

2   Specifically, the court found that the trial court had merely corrected a simple clerical error, and

3   the amendment reflected the sentence that was originally imposed.  (Id.)  Because the California

4   Supreme Court summarily denied the petition for writ of habeas corpus, this Court "looks

5   through" that decision and presumes it adopted the reasoning of the Tulare County Superior

6   Court, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S.

7   797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review,

8   "look through" presumption that higher court agrees with lower court's reasoning where former

9   affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th

10  Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether

11  state court's rejection of petitioner's claims was contrary to or an unreasonable application of

12  federal law under § 2254(d)(1)).

13          On February 3, 2004, the trial court sentenced Petitioner to a five year state prison term

14  computed as follows: Mid-term of two years on Count One violation of California Health and

15  Safety Code section 11377(a), doubled pursuant to California Penal Code section 1170.12(c)(1)

16  in light of Petitioner's prior strike conviction, and one year enhancement based on prior prison

17  term (Cal. Penal Code § 667.5(b).[1]  (CT 78.)  Although the original abstract of judgment

18  reflected a four year sentence on Count One, it did not mention the double enhancement under

19  section 1170.12(c)(1).  (See Lodged Doc. No. 1.)  In light of the ambiguity, on January 27, 2006,

20  the California Department of Corrections sent a letter to the Superior Court requesting

21  clarification as to the 4-year sentence for a violation of § 11377(a).  (See Lodged Doc. No. 3,

22  Opinion, at 1.)  In response, on April 11, 2006, the Superior Court, without a hearing, corrected

23  the clerical error by minute order and sent the correction to the Department of Corrections.

24  (Lodged Doc. No. 1, Amendment, dated April 11, 2006.)

25          As Respondent submits, although Petitioner labels his claim as a due process violation, in

26  _____

27  [1]   Section 1170(c)(1) states, in relevant part:
            If a defendant has one prior felony conviction that has been pled and proved, the
28      determine term or minimum term for an indeterminate term shall be twice the term otherwise
        provided as punishment for the current felony conviction.

1  essence, he is challenging the state court's interpretation of California law regarding the

2  modification of a document containing a clerical error.[2]  Habeas corpus relief is not available to

3  correct alleged errors in the state court's application or interpretation of state law.  Estelle v.

4  McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083,

5  1084-85 (9th Cir.1985).  Even assuming the claim raises a federal question, it fails on the merits.

6  It is clear that Petitioner is only serving the five year sentence originally imposed by the

7  trial court in his and counsel's presence.  The amendment to the abstract of judgment only

8  clarified that the mid-term of two years for possession of a controlled substance was doubled (to

9  four years) pursuant to California Penal Code section 1170.12(c)(1).  The amendment merely

10  reflected that the trial court's earlier pronouncement of the sentence was legal.  Moreover, the

11  pronouncement at sentencing controls rather than the abstract of judgment.  Although Petitioner

12  contends that the amendment changed the way the Department of Corrections calculated his

13  custody credits, even if so, Petitioner was never entitled to different custody credits, as the

14  amendment correctly reflects the trial court's imposition of the sentence.  In addition, for these

15  reasons, neither Petitioner nor counsel had a right to be present during the modification of the

16  simple clerical error.  Accordingly, the state courts' determination of this issue was not contrary

17  to, or an unreasonable application of, clearly established Supreme Court precedent.

18  D.      Ineffective Assistance of Counsel

19  Petitioner contends that his counsel was ineffective for failing to raise a motion to strike

20  the prior conviction.[3]

21

22  [2] California law provides that, "[a]n abstract of judgment is not the judgment of conviction; it does not
control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to

23  digest or summarize."  People v. Mitchell, 26 Cal.4th 181, 109 Cal.Rptr.2d 303, 26 P.3d 1040, 1042 (Cal. 2001).
Preparation of the abstract of criminal judgment in California is a clerical, not a judicial function.  People v.

24  Rodriguez, 152 Cal.App.3d 289, 299, 199 Cal.Rptr. 433 (Cal.Ct.App. 1984).  In fact, California "[a]ppellate courts
routinely grant requests on appeal of the Attorney General to correct errors in the abstract of judgment."  People v.

25  Hong, 64 Cal.App.4th 1071, 1075, 76 Cal.Rptr.2d 23 (Cal.Ct.App. 1998).

26  [3] Under California law, a defendant may raise a motion under California Penal Code section 1385 which
states in pertinent part:

27

28      The judge or magistrate may, either of his or her own motion or upon the application of the
        prosecuting attorney, and in furtherance of justice, order an action to be dismissed.  The reasons
        for the dismissal must be set forth in an order entered upon the minutes.  No dismissal shall be

1    Petitioner presented this claim to the California Supreme Court via petition for writ of

2  habeas corpus, which was summarily denied on November 29, 2006.  (Lodged Doc. Nos. 6, 7.)

3  AEDPA's strict standard of review is relaxed when the state court reaches a decision on the

4  merits but provides no reasoning to support its conclusion. Under such circumstances, the federal

5  court must "independently review the record to determine whether the state court clearly erred in

6  its application of Supreme Court law." Brazzel v. Washington, 491 F.3d 976, 981 (9th Cir.2007),

7  *quoting* Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir.2002); Delgado v. Lewis, 223 F.3d 976,

8  982 (9th Cir.2000) ("Federal habeas review is not de novo when the state court does not supply

9  reasoning for its decision, but an independent review of the record is required to determine

10  whether the state court clearly erred in its application of controlling federal law.").

11    The law governing ineffective assistance of counsel claims is clearly established for the

12  purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Canales v. Roe,

13  151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective

14  assistance of counsel, the court must consider two factors.  Strickland v. Washington, 466 U.S.

15  668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First,

16  the petitioner must show that counsel's performance was deficient, requiring a showing that

17  counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by

18  the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must show that counsel's

19  representation fell below an objective standard of reasonableness, and must identify counsel's

20  alleged acts or omissions that were not the result of reasonable professional judgment

21  considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348

22  (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges

23  a strong presumption that counsel's conduct falls within the wide range of reasonable

24  professional assistance.  Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v.

25  Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

26    Second, the petitioner must show that counsel's errors were so egregious as to deprive

27

28
        made for any cause which would be ground of demurrer to the accusatory pleading.

1  defendant of a fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  The court must

2  also evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's

3  ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356,

4  1461 (9th Cir. 1994).  More precisely, petitioner must show that (1) his attorney's performance

5  was unreasonable under prevailing professional norms, and, unless prejudice is presumed, that

6  (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would

7  have been different.

8        A court need not determine whether counsel's performance was deficient before

9  examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.

10  Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since it is necessary to prove

11  prejudice, any deficiency that does not result in prejudice must necessarily fail.

12        Ineffective assistance of counsel claims are analyzed under the "unreasonable

13  application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215 F.3d

14  1058, 1062 (2000).

15        In order to determine whether Petitioner's counsel's decision was reasonable, the Court

16  must examine the strength of a motion to strike on the bases alleged by Petitioner.  See Wilson v.

17  Henry, 185 F.3d 986, 990 (9th Cir. 1999).  Specifically, in order to show prejudice, Petitioner

18  must demonstrate that (1) had his counsel filed the motion, it is reasonable that the trial court

19  would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that

20  there would have been an outcome more favorable to Petitioner.  Id.

21        Petitioner has failed to met his burden under Strickland.  Specifically, Petitioner does not

22  demonstrate or allege what his counsel could or should have argued to prevail on a motion to

23  strike the prior conviction.  As such, Petitioner has failed to show any resulting prejudice.  In

24  fact, the record demonstrates that a motion to strike would have likely been futile.  At the

25  sentencing hearing, defense counsel argued that Petitioner's mental health condition and

26  enrollment in college were circumstances in mitigation.  (RT Vol. 3, at 1.)  Even so, the

27  aggravating factors greatly outweigh the minimal factors in mitigation.  Petitioner's commitment

28  offense was serious, as he was driving in an erratic manner while under the influence of a

1 controlled substance, posing a serious danger to others.  (See RT 16-21.)  Petitioner denied

2 involvement in the crime, of being under the influence of a controlled substance, and having any

3 knowledge of the methamphetamine found in his shoe.  Petitioner's criminal history is

4 substantial, going back as far as 1987, when Petitioner was a juvenile. (Lodged Doc. No. 8,

5 Probation Officer's Report, at 3.)  In addition, Petitioner has suffered numerous convictions,

6 served a prior prison term, and  violated probation several times.  (Id. at 3-4.)  In fact, Petitioner

7 was on parole at the time of the instant offense.  (Id. at 6.)  In light of these facts, it cannot be

8 said that counsel acted unreasonable by refraining to file a motion to strike the prior conviction.

9 Accordingly, as there was no basis upon which a motion to strike the prior conviction would

10 have succeeded, counsel was not ineffective and Petitioner was not prejudiced.

11                                                          RECOMMENDATION

12          Based on the foregoing, it is HEREBY RECOMMENDED that:

13          1.          The instant petition for writ of habeas corpus be DENIED; and

14          2.          The Clerk of Court be directed to enter judgment in favor of Respondent.

15          This Findings and Recommendation is submitted to the assigned United States District

16 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

17 the Local Rules of Practice for the United States District Court, Eastern District of California.

18 Within thirty (30) days after being served with a copy, any party may file written objections with

19 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

20 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

21 and filed within ten (10) court days (plus three days if served by mail) after service of the

22 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

23 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

24 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

25 Cir. 1991).

26          IT IS SO ORDERED.

27     Dated:    **March 3, 2008**                    **/s/ Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE
28